UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

EDINA M. KAHUT,                                                             6:12-cv-1769-TC

                Plaintiff,

    v.                                                                         FINDINGS AND RECOMMENDATION

J.P. MORGAN CHASE BANK, N.A.,

                Defendant.

COFFIN, Magistrate Judge:

      Plaintiff Edina M. Kahut filed this negligence claim against defendant in Oregon state court. On October 1, 2012, defendant removed this action to federal court. About a month later, on November 15, 2011, defendant moved to dismiss plaintiff's complaint because it fails to set forth a negligence claim and, because under the circumstances, Oregon law bars any negligence claims against defendant. (#9). Plaintiff neither responded to defendant's motion nor requested an extension of time to do so. Accordingly, on January 3, 2013, I ordered her to show cause in writing by January 14, 2013 why defendant's motion should not be granted and noted that failure to respond to this motion or to request an extension of time could result in the motion being granted or the action be

Page 1 - FINDINGS AND RECOMMENDATION

dismissed for failure to prosecute. (#11). To date, plaintiff has not responded to the motion to show cause.

## Standard

Rule 12(b)(6) allows for dismissal of a complaint based on either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). When considering a Rule 12(b)(6) motion, the court must accept all factual allegations in the complaint as true and construe them in a light most favorable to the nonmmoving party. Skilstaf, Inc. v. CVS Caremark Corp., 669 F.3d 1005, 1014 (9th Cir. 2012). "[F]actual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6). Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 566 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 566 U.S. at 678.

## Discussion

Plaintiff's negligence complaint against defendant stems from her allegations that defendant cause her to be arrested and charged with several crimes and lodged in the Marion County Jail. Plaintiff further asserts that her arrest was "obtained by defendant based on claims wholly false and fictitious and as a result of the defendant's negligence in preparing and prosecuting the above claims." (#1-1 at ¶ 4). Plaintiff does not allege any physical injury nor does she allege any injury to property. She alleges a contractual relationship of bank customer with defendant. She alleges

Page 2 - FINDINGS AND RECOMMENDATION

distress to mind and body and seeks economic damages. She has not, however, alleged any physical injury.

In Oregon a person cannot recover for the negligent infliction of emotional distress in the absence of a physical injury. Paul v. Providence Health System-Oregon, 351 Or. 587, 597(2012) ("This court consistently has rejected claims for emotional distress damages caused by a defendant's negligence, in the absence of any physical injury."); Hammond v. Central Lane Commc'ns Center, 312 Or. 17, 22 (1991) ("plaintiff may not recover for defendants' alleged negligence, because she sustained no physical injury"). Further, purely economic losses are also not recoverable because there is no alleged injury to the plaintiff's person or property. Paul, 351 Or. at 593. Absent a physical injury, purely economic losses are recoverable only when the defendant has a special duty to guard against the economic loss that occurred. Onita Pacific Corp. v. Trustees of Bronson, 315 Or. 149, 159 (1992). Such a duty must come "from a defendant's particular status or relationships, or from legislation, beyond the generalized standards that the common law of negligence imposes on persons at large." Fazzolari v.Portland School Dist. No. 1J, 303 Or. 1, 10 (1987). Here, the only relationship plaintiff alleges with defendant is a contractual one, which is not sufficient to support a negligence claim. Accordingly, I find that plaintiff fails to set forth a sufficient claim for damages due to distress or for economic damages.

I further recommend that this court dismiss plaintiff's complaint for failure to prosecute this action as she has responded to neither the motion to dismiss nor the order to show cause. Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir.2002) (discussing factors that courts consider in whether to dismiss for failure to prosecute or comply with a court order).

///

## Conclusion

I find that plaintiff has failed to state a claim upon which relief can be granted and has failed to prosecute this action. I recommend that the court grant defendant's motion to dismiss (#8) and dismiss this action with prejudice.

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 5th day of February 2013.

_____
THOMAS M. COFFIN
United States Magistrate Judge